Brian L. Sipos is appealing from the denial by the trial court of his "Petition Seeking Hearing Mandated Under R.C.2951.04(B)." He sought a hearing for a determination of the eligibility for treatment in lieu of conviction.
Sipos had been convicted on June 18, 1997, of three counts of theft and five counts of forgery, after he had entered a no contest plea. He took no appeal from that judgment.
Subsequently, over one year later, Sipos filed his motion for a hearing, as stated above. The court overruled the motion "because the Defendant has already been adjudicated as guilty in the above captioned case. . . ." On appeal, Sipos, pro se,
does not state an assignment of error, as such, but in his brief he simply argues that the trial court was wrong in not granting him a hearing on his "petition."
The law is clear, however, that an offender's request for treatment in lieu of conviction must be made prior to the entry of a plea. R.C. 2951.041 (A). Moreover, it is not contested that Sipos was a repeat offender, having previously been convicted of forgery in 1991 and also in 1990, and had served time. Thus, he would not have been eligible for treatment in lieu of imprisonment, much less a hearing, since he is a repeat offender. R.C. 2951.041 (B)(4).
The argument that the trial court erred is overruled, and the judgment is affirmed.
BROGAN, J., concurs.